[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Whether to grant defendant's motion to strike counts one, two, three and four of the plaintiffs' complaint. CT Page 7463
FACTS
On May 6, 1996, the plaintiffs, Rudolph Basilone and Nita Goldstein, brought a four count complaint against the defendant, the Town of Groton, alleging fraudulent misrepresentation, fraudulent nondisclosure, innocent misrepresentation and promissory estoppel, arising out of an agreement for the sale of land by the defendant to the plaintiffs. The defendant moved to strike all four counts of the complaint on June 17, 1996. The motion to strike was accompanied by a supporting memorandum of law. On July 25, 1996, the plaintiffs filed an objection to the motion, accompanied by a supporting memorandum of law.
DISCUSSION
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26, ___ A.2d ___
(1996). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systemsv. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). To contest the legal sufficiency of a pleading, the moving party can address either the entire pleading, or individual counts of the pleading. Practice Book §§ 152, 158.
In the present case, the plaintiffs allege the following pertinent facts. The plaintiffs owned property in Groton that was the subject of a tax foreclosure action brought by the town on May 6, 1991. (Complaint, Count One, pars. 4, 5.) Thereafter, the parties began negotiating the sale of the property by the plaintiffs to the defendant. (Complaint, Count One, pars. 6, 8.) The value of the property was greater than CT Page 7464 the taxes owed. (Complaint, Count One, par 9.)
On March 10, 1993, the parties agreed to proceed to a foreclosure by sale. (Complaint, Count One, par. 11.) Despite this agreement, in proceeding with its foreclosure action, the defendant asked the court to order strict foreclosure, which the court, Teller, J., ordered on April 26, 1993. (Complaint, Count One, par. 12.) In their memorandum of law in support of their objection the defendant's motion, the plaintiffs state that they were not present at the April 26, 1993 hearing to contest the strict foreclosure because they relied on the parties' agreement to proceed to a foreclosure by sale.
When the plaintiffs learned of the judgment of strict foreclosure, they initiated discussions with the defendant about filing a motion to open the judgment. (Complaint, Count One, par. 13.) These discussions culminated in an oral agreement between the parties on November 11, 1993, whereby the defendant would sell the property back to the plaintiffs in exchange for payment of the taxes owed. (Complaint, Count One, pars. 14, 15.) The plaintiffs also allege that these discussions induced them to forego filing the motion to open the judgment of strict foreclosure.[1]
The plaintiffs bring their complaint because the defendant failed to abide by the alleged agreement to sell the property back to the plaintiffs in exchange for payment of taxes due.
The plaintiffs, in their complaint, and the defendant in its memorandum in support of its motion, agree that the title to the property vested in the defendant on October 22, 1993, following the judgment of strict foreclosure. The defendant moves to strike all four counts of the complaint on the grounds that any alleged negotiations, from which the plaintiffs derived any rights, occurred after October 22, 1993.
The defendant's reliance on the time of the vesting of the title as a ground for its motion is misplaced.[2] The time of the vesting of the title in the defendant could be relevant if the plaintiffs were seeking to have the judgment of strict foreclosure opened. However, the opening of the April 26, 1993 judgment of strict foreclosure is not part of the relief sought by the plaintiffs. Instead, the complaint alleges counts arising from negotiations that culminated in an oral agreement CT Page 7465 between the parties on November 11, 1993, which has not been performed by the defendant.
A motion to strike must enumerate each claim of legal insufficiency and the reasons for each claim. Practice Book § 154; General Statutes § 52-92; King v. Board of Education,195 Conn. 90, 94 n. 4, 486 A.2d 1111 (1985). Because the grounds asserted by the defendant fail to address the legal insufficiency of the plaintiffs' claims, the court hereby denies the defendant's motion to strike.
CONCLUSION
The court denies the defendant's motion to strike counts one, two, three and four of the plaintiffs' complaint because the grounds asserted in the motion fail to address the legal insufficiency of the plaintiff's claims.
D. Michael Hurley Judge Trial Referee